IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 26-cv-1883-CNS
(Adv. No. 26-01111-KHT)
(Bankr. No. 25-16665-KHT)

In Re: JOHN RODERICK MCKOWEN,

      Debtor.

_____

JOHN RODERICK MCKOWEN,

      Appellant,

v.

THE STATE OF COLORADO and TUNG CHAN,
Securities Commissioner for Colorado Division of Securities,

      Appellees.

_____

**ORDER**

_____

On May 12, 2026, the Court ordered Appellant to file "a memorandum of law setting forth Appellant's position on whether the order appealed is final, or whether leave to appeal an interlocutory order should be granted." ECF No. 10 at 2. All parties have responded.

## I.      BACKGROUND

The parties have been involved in a matter before the Denver District Court ("State Court") in Case No. 2021CV33922 ("Securities Case") pertaining to Appellees' securities fraud claims against Appellant and other parties. On July 9, 2025, the State Court entered

a final judgment in the amount of $16,578,690.33 against Appellant and the other defendants. *See* ECF No. 16-2 at 112. On April 15, 2026, the State Court entered a contempt citation ordering Appellant to appear before the State Court on April 28, 2026 ("Contempt Hearing"). *See* ECF No. 16-4.

On April 23, 2026, Appellant commenced the underlying adversary proceeding.[1] That same day, Appellant moved the Bankruptcy Court "for a temporary restraining order and preliminary injunction enjoining Defendants . . . from prosecuting the contempt hearing scheduled for **April 28, 2026 at 1:30 p.m.**," which the Bankruptcy Court denied on April 27, 2026. ECF No. 2 at 1–2.

All parties acknowledge that the Contempt Hearing took place on the scheduled date. *See, e.g.,* ECF No. 13; ECF No. 16. On April 30, 2026, Appellant appealed the Bankruptcy Court's Order Denying Temporary Restraining Order and Preliminary Injunction (the Order). *See* Bankr. Ct. ECF No. 4.

## II.    LEGAL STANDARD

### A.    Finality

Bankruptcy appeals are governed by 28 U.S.C. § 158. Appeals from "final judgments, orders, and decrees" may be taken as of right. 28 U.S.C. § 158(a)(1). "Generally, an order is final if it ends the litigation on the merits and leaves nothing for the

---

[1] Case No. 26-1111-KHT. As context, on October 14, 2025, Appellant filed a chapter 11 petition. *See* Case No. 25-16665-KHT. The Bankruptcy Court dismissed the case on May 11, 2026; the Bankruptcy Court later issued the following text-only entry: "This bankruptcy case was closed in error prior to full administration of the estate. On behalf of the Court, it is ORDERED this bankruptcy case is hereby reopened. . . ." Bankr. Ct. ECF No. 132.

court to do but execute the judgment. . . . [T]he appropriate 'judicial unit' for application of these finality requirements in bankruptcy is not the overall case, but rather the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition." *Adelman v. Fourth Nat'l Bank & Tr. Co, N.A., of Tulsa (In re Durability, Inc.)*, 893 F.2d 264, 265–66 (10th Cir. 1990). While "the plain language of 28 U.S.C. § 1292(a) provides that certain district court orders, including orders regarding injunctions, may be appealed to the court of appeals as of right," no similar provision exists "for orders of bankruptcy courts" and, thus, those interlocutory orders may be appealed only "with leave of the court." *Lane v. Bank of Jackson Hole*, No. 21-8051, 2021 WL 6622403, at *1 (10th Cir. Sep. 2, 2021) (unpublished). *See also Bailey v. Connolly*, 361 F. App'x 942, 950 n.10 (10th Cir. 2010) ("Notably, § 1292(a)(1) does not encompass appeals as of right from such interlocutory orders [that grant, continue, modify, refuse, or dissolve injunctions] when issued by bankruptcy judges, and there is no parallel provision in 28 U.S.C. § 158.").

## B.    Mootness

The Tenth Circuit recognizes "a federal court must, *sua sponte,* satisfy itself of its power to adjudicate in every case and at every stage of the proceedings and the court is not bound by the acts or pleadings of the parties." *Johnson v. Riveland*, 855 F.2d 1477, 1480 (10th Cir. 1988) (quoting *Tafoya v. U.S. Dep't of Justice*, 748 F.2d 1389, 1390 (10th Cir. 1984)). "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "[A] case is moot when the issues

presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). A controversy is no longer "live" when the reviewing court is not capable of rendering effective relief or restoring the parties to their original position. *Mills v. Green*, 159 U.S. 651, 653 (1895). The central inquiry in determining whether a "controversy" exists is whether the "circumstances [have] changed since the beginning of litigation that forestall any occasion for meaningful relief." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1122 (10th Cir. 2010) (quoting *S. Utah Wilderness All. v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997)). If "an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *In re Osborn*, 24 F.3d 1199, 1203 (10th Cir. 1994) (citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)); *see also Thournir v. Buchanan*, 710 F.2d 1461, 1463 (10th Cir. 1983) ("[W]here an act sought to be enjoined has occurred, an appeal of a [trial] court order denying an injunction is moot.").

### III.    PARTIES' ARGUMENTS

Appellant argues that the Order is final pursuant to the standard outlined in *Bullard v. Blue Hills Bank*, 575 U.S. 496 (2015), and *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 41 (2020), because the Order pertains to a "discrete dispute," *see* Appellant's Response at 10, and the Order is final pursuant to the collateral-order doctrine addressed in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). Alternatively, "Appellant respectfully requests leave to appeal under 28 U.S.C. § 158(a)(3) and Federal

Rule of Bankruptcy Procedure 8004(b)." Appellant's Response at 28.

Appellees primarily argue that (1) "[t]he Order does not finally resolve all matters at issue in the underlying Adversary Proceeding," (2) "the appeal of the Order is moot," and (3) Appellant "has not requested leave of the bankruptcy court to appeal the Order as required by Rule 8004(b) and the time period for doing so has passed." Appellees' Response at 1–2.

## IV.    DISCUSSION

The Order is not final pursuant to the standard outlined in *Durability* because the Bankruptcy Court has not yet adjudicated all adversary proceeding claims. Additionally, the Order is not final because the Tenth Circuit has held that bankruptcy court preliminary injunction orders are interlocutory. *Lane*, 2021 WL 6622403, at *1 ("Appellants seek to appeal the district court's order denying leave to appeal the bankruptcy court's *interlocutory order* granting a preliminary injunction." (emphasis added)); *Bailey*, 361 F. App'x at 950 n.10 ("Notably, § 1292(a)(1) does not encompass appeals as of right from such interlocutory orders [that grant, continue, modify, refuse, or dissolve injunctions] when issued by bankruptcy judges, and there is no parallel provision in 28 U.S.C. § 158.").

Further, granting leave to appeal is not warranted given that the appeal is moot. The Order denied Appellant's request for injunctive relief pertaining to the Contempt Hearing, and the Contempt Hearing took place on April 28, 2026. Because the hearing has already occurred, this Court is unable to grant any effective relief on appeal and, thus, the appeal is moot.

## V.    CONCLUSION

It is HEREBY ORDERED that:

(1)    The appeal is DISMISSED.

(2)    All pending motions are denied as moot.

Dated this 25th day of June 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge